B. W. MULLINS, ADM'R., *v.* YARBOROUGH & WIMBERLY.

1. ESTATES—HOMESTEAD—VENDOR'S LIEN.—An administrator has no right, without an order of court, to apply the general assets of the estate to the discharge of a debt secured by vendor's lien upon the homestead set apart to the family of the deceased.

2. SAME.—It seems that under Art. 5706 Paschal's Dig., providing that payment of a debt secured by special lien may be ordered out of the general assets when beneficial to the estate, such order would only be made when beneficial to the general estate; the homestead forms no part of such estate.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

*Robertson & Henry*, for appellant.

*Jones & Henry*, for appellees.

GOULD, ASSOCIATE JUSTICE.—Appellant, as administrator of the estates of N. L. and M. E. Williams, deceased, filed his exhibit, from which it appeared that, without having obtained the authority of the court therefor, he had

applied the general assets of the estate towards the discharge of a claim, secured by vendor's lien, on sixty acres of land, constituting a part of two hundred acres, set aside to the children of deceased as a homestead. He asked the court to approve of what he had done, and stated that the sixty acres constituted a valuable part of the homestead and was liable to be sold by foreclosure of the vendor's lien, and lost to the children.

At a subsequent term of court appellees Yarborough & Wimberly, holding an established claim against the estate, contested the right of the administrator to apply the general assets as had been done.

The court refused to ratify the action of the administrator and, adding the amount paid to the holders of the vendor's lien to the balance reported on hand, directed the administrator to pay it out on claims of the first and second class and afterwards *pro rata* upon all claims established in the first twelve months. From this order the administrator has appealed.

The children claiming the homestead were not made parties, and no question affecting the extent of their homestead rights is properly before us. Whether they have a right to claim that the vendor's lien on this sixty acres of land shall be paid out of the general assets is not a question which could be decided in this case. The administrator, as such, has no authority to present for adjudication a question involving the extent of their homestead claim, and that question will not be considered.

Article 5706 of Paschal's Digest, referring to claims secured by mortgage or other special lien, is as follows: "If it should appear to the court that the discharge of such special lien out of the general assets would be beneficial to the estate, the payment may be ordered to be made instead of ordering a sale of the property."

By the expression "beneficial to the estate" we understand to be intended beneficial to the general assets of the

estate, and not beneficial to the homestead, which constitutes no part of the estate. If property worth more than the amount for the payment of which it is bound is liable to be sacrificed by sale under foreclosure, it would be for the benefit of the estate to redeem it and let it be added to the general assets for the payment of claims and distribution. This would be a case within the meaning of the article just cited. The record contains no statement of facts, and we are unable to say what evidence may have been before the court as to the value of the sixty acres. If the case presented were otherwise within the meaning of the statute, we would be unable to say that the discretion vested in the court below was improperly exercised.

The original action of the administrator was irregular and unauthorized, and that of itself may have influenced the court in its action; but regarded as an original application on his part under the statute, the record does not show that the order asked for was one which should have been made, and the refusal of which was error.

The judgment of the court below is affirmed.

AFFIRMED.