REYNOLDS MORTGAGE COMPANY ET AL. V. J. M. GAMBILL, BY
NEXT FRIEND, ET AL.

No. 4420.   Decided February 17, 1926.

(280 S. W., 531.)

1.—Homestead—Conveyance—Insane Wife.

Where the wife is insane the husband may convey the community homestead without her joining in the deed. Green v. Windham, 115 Texas, 162, followed. (Pp. 276, 277.)

2.—Same—Administration.

The existence of community debts is not necessary to make valid the conveyance of the homestead by the husband of an insane wife; nor is it

necessary that there be an administration on her estate, the homestead forming no part thereof subject to administration.   (Pp. 277, 278.)

Questions certified from the Court of Civil Appeals for the Sixth District, in an appeal from Hunt County.

J. M. Gambill, by next friend, and his wife sued to set aside a conveyance. Plaintiffs recovered judgment which was affirmed on defendants' appeal (276 S. W., 480). On difference of opinion between the judges the question was certified to the Supreme Court, which.referred it to the Commission of Appeals, Section B, for their opinion. This being approved is certified as the answer of the Supreme Court.

*L. L. Bowman,* for appellant Edwards, and *C. A. Sweeton, Samuels & Brown* and *Clark & Clark,* for the other appellants.

When the wife, though permanently insane, has not "been declared insane by a court of competent jurisdiction," the husband alone may make a valid conveyance of the family homestead where the same is .community property. Shields v. Aultman, Miller & Co., 50 S. W., 219; Clark v. Wicker, 30 S. W., 1114; Gilley v. Troop, 146 S. W., 954; Riley v. Wilson, 86 Texas, 242; Rogers v. Roberts, 35 S. W. 76; Tippett v. Brooks, 95 Texas, 335, 67 S. W., 495, 512; Foster v. Johnson, 89 Texas, 645; Lee v. McFarland, 46 S. W., 281; Rev. Statutes of 1911, Articles 3594 and 3595.

*W. B. Chauncey, L. D. Estes* and *Neyland & Neyland,* for appellees.

A deed purporting to be signed and acknowledged by the husband and wife attempting to convey the homestead, it being community property, is invalid if the wife was insane at the time the deed was signed and the notary's certificate of authentication was affixed. Such a deed can be avoided by the wife especially if there was no necessity for the sale, there being no community debts and no part of the purchase money having been paid to either the husband or the wife and none of such purchase money used for the necessaries of the family or for the benefit of the community estate. Article 4621, Vernon's Sayles' Texas Civil Statutes; Heidenheimer v. Thomas, 63 Texas, 287; Priddy v. Tabor, 189 S. W., 111; Cason v. Laney, 27 S. W., 420; McFalls v. Brown, 36 S. W., 1110; Parker v. Schrimsher, 172 S. W., 165; Weatherington v. Smith, 77 Neb., 363, 109 N. W., 381, 13 (N. S.) L. R. A., 430; Leggate v. Clark, 111 Mass., 308; Brothers v. Bank, 84 Wis., 381, 54 N. W., 786, 36 Am. St. Rpts., 932.

The court is also referred to the following cases, holding that the conveyance of insane persons may be avoided: Williams v. Sapieha, 94 Texas, 430; Brown v. Brenner, 161 S. W., 14; Wisdom v. Peek, 220 S. W., 213; Bank v. McGinty, 69 S. W., 495; White v. Holland, 229 S. W., 611.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Sixth District has certified to the Supreme Court the following question:

"This suit was filed by Levi Gambill as next friend for his father and mother, J. M. Gambill and Ellen Gambill, to cancel a deed. The facts show that on May 9, 1919, J. M. Gambill and wife conveyed to their son, D. W. Gambill a tract of 50 acres of land, which they were then occupying as their homestead. The deed recited a consideration of $3,500.00 paid in cash and a note for $1,500.00 payable sixty days after date to J. M. Gambill, and secured by a vendor's lien on the land conveyed. This note was subsequently transferred to the Reynolds Mortgage Company, and sometime later a renewal note was executed by D. W. Gambill payable to the Reynolds Mortgage Company and secured by a deed of trust on the land. Thereafter the Reynolds Mortgage Company assigned the note and lien to the Pan-American Life Insurance Company. Upon the failure of D. W. Gambill to pay some of the interest notes at maturity the land was advertised and sold to A. E. Edwards. On May 21, 1920, prior to the foreclosure sale, D. W. Gambill, joined by his wife, reconveyed the land to J. M. Gambill and wife. The deed last mentioned recited a cash consideration of $3,500.00 and the assumption of the outstanding indebtedness theretofore assigned to the Reynolds Mortgage Company. The plaintiff below alleged as a ground for cancelling the conveyance, that both J. M. Gambill and his wife were insane at the time they executed the deed to D. W. Gambill, and have been insane continuously since then; that the land conveyed was and had been their homestead for many years; that no money was ever paid to them by D. W. Gambill, or by the Reynolds Mortgage Company, upon any of the transactions mentioned.

"The Reynolds Mortgage Company answered by general and special exceptions and general and special denial, in which it set forth in detail the various transactions, alleging that if the mind of either J. M. Gambill or Ellen Gambill was unsound defendant knew nothing of the fact; that it was an innocent pur-

chaser for value of the note and lien above mentioned; that the proceeds of the same had been invested in other land for the benefit of J. M. Gambill, and that in no event should the transactions complained of be set aside. The Pan-American Life Insurance Company answered alleging, among other things, that it had purchased the $1,500.00 note secured by a deed of trust in favor of the Reynolds Mortgage Company before maturity and for a valuable consideration. Edwards answered by general and special exceptions and general and special denial, and adopted the answers of his co-defendant, the Reynolds Mortgage Company.

"In response to special issues the jury found that Mrs. Ellen Gambill was of unsound mind at the time the conveyance was made to D. W. Gambill, but that J. M. Gambill was of sound mind at the time he made the different transfers with which he was connected. It is conceded, however, that Mrs. Gambill had never been judicially decreed insane. The jury also found that the land conveyed was the homestead of J. M. Gambill and wife. Upon those findings a judgment was entered in favor of the plaintiff below, cancelling the conveyance and restoring the title of the property to J. M. Gambill and wife.

"The principal question presented in this appeal is, can the husband, when the wife is insane, convey the community homestead? The members of this court differ as to how that question should be answered. We therefore certify to your Honors the question:

"Was the deed of J. M. Gambill and his insane wife sufficient to convey their community homestead?"

We answer the question certified, yes.

There has been much uncertainty in the minds of the courts of civil appeals, and no doubt the profession generally, as to the rule of law with respect to the interesting question here certified, due perhaps to the conflicting holdings by the different courts of civil appeals, one of such courts repudiating its former decision upon the same question, and denying its soundness. See Priddy v. Tabor, 189 S. W., 111. But whatever uncertainty has heretofore existed, we think the question is entirely settled by the decision of the Supreme Court in Green v. Windham, 115 Texas, 167, 278 S. W., 1101 (delivered January 6, 1926), the opinion in which was handed down the day prior to the submission of this cause before us. In that opinion Mr. Justice Pierson says:

"We would feel disposed to enter into a more extended dis-

cussion of the principles of law involved, but for the fact that this court has twice expressed its approval of the conclusions here reached in the cases of Shields v. Aultman, et al, 20 Texas Civ. App., 345, 50 S. W., 219, in 1899, and Gilley v. Troop, 146 S. W., 954, in 1912. In each of these cases, by the Court of Civil Appeals, the sole issue was the power of the surviving sane spouse to convey the homestead, i. e., the validity of the husband's deed, the wife being insane. * * * *

"In the case of Priddy v. Tabor, 189 S. W., 111, the Honorable Court of Civil Appeals held differently. A writ of error was granted, but the case was dismissed from the docket of this Court by agreement of the parties. But for the conflict with that case, probably the writ of error here would not have been granted."

So that this decision expressly approving that particular ground of decision in the Shields-Aultman and Gilley-Troop cases, removes all doubt as to whether or not the refusal or writs in those cases was predicated upon the theory of abandonment which appears in both cases. Nothing need be or can be said further upon this particular phase of the case.

There is, however, a question raised suggesting that even though the constitutional prohibition against conveyance by the husband without the wife's joinder does not apply, still the homestead being admittedly the community property, and the conveyance having been by the husband individually and not as administrator, the question certified should yet be answered in the negative. There is no merit in this suggestion. In the Green v. Windham case, supra, the agreed statement of facts disclosed that the husband for himself and as administrator of the community estate of himself and his insane wife executed the conveyance in question. The Supreme Court gave scant notice to this feature of the case, however, dismissing it with this observation:

"The question of the existence or non-existence of debts against the community estate is of no importance in the case."

Of course, if this question was of no importance in the case, it was because the husband's right to convey was not dependent upon an administration. If the existence or non-existence of debts was of no importance, neither was the administration of any importance. An administration is had only for the purpose of paying debts, and where no debts exist, administration is not authorized, so that this added question of the necessity for administration has also been finally settled. The reason why the

question of the existence or non-existence of debts, and therefore the question of administration itself, is of no importance, is plainly this: Under our laws the homestead of the family forms no part of the estate of the deceased or insane spouse for administration, and the administrator has no concern with or power over it. Mullins v. Yarborough, 44 Texas, 14; Scott v. Cunningham, 60 Texas, 466; Childers v. Henderson, 76 Texas, 667, 13 S. W., 481; Hall v. Fields, 81 Texas, 553, 17 S. W., 82; Zwernemann v. Von Rosenberg, 76 Texas, 522, 13 S. W., 485; Lacy v. Lockett, 82 Texas, 190, 17 S. W., 916; Cameron v. Morris, 83 Texas, 4; 18 S. W., 422; Speer's Law of Marital Rights, Sections 596, 602, and 609. If the homestead is no part of the estate for administration and the administrator therefore has no power to convey as such administrator, it would be absurd to conclude that the husband of a deceased or insane wife needed to qualify as community administrator in order to make conveyance of such homestead.

We therefore recommend that the question certified be answered as above shown.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.