### GERSDORFF v. TORRES et al.
(No. 947–4749.)

Commission of Appeals of Texas, Section A. April 20, 1927.

1. **Homestead** &#9758;118(2)—**Homestead which is community property or separate estate of husband may be conveyed by husband whose wife is insane.**

Husband has legal authority to convey homestead of himself and insane wife whenever homestead is either community property, or separate estate of husband, on ground of wife's mental incapacity to consent to conveyance.

2. **Homestead** &#9758;118(5)—**Burden of proving wife's insanity at time husband conveyed homestead is on claimant under husband's deed.**

Person claiming title to homestead property under deed executed by husband alone,

wife being insane, has burden of proving fact of wife's insanity at time deed was executed.

**3. Evidence** ⊛⇒63—**Every person is presumed sane until contrary is proved.**

Law presumes every person to be sane until contrary is proved.

**4. Evidence** ⊛⇒67(2) — **Presumption arising from prior adjudication of wife's insanity supplies proof of insanity at time husband executed deed to homestead.**

Proof of wife's insanity at time husband executed deed to homestead may be supplied by presumption arising from fact of previous adjudication of wife's insanity in legal proceeding instituted for that purpose.

**5. Evidence** ⊛⇒251(2)—**Admissions by guardian ad litem that wife of husband executing deed to homestead was previously adjudicated insane held not proof of insanity.**

In action involving title to homestead, based on deed of husband, admissions of guardian ad litem of wife that wife was previously adjudicated insane is not proof of insanity, or foundation for presumption thereof at time husband executed deed, and does not dispense with other legal means of proving wife's insanity.

**6. Evidence** ⊛⇒251(2)—**Guardian ad litem cannot bind ward by admission of fact necessary to sustain recovery against ward.**

Guardian ad litem cannot bind his ward by admission of any fact which is necessary to sustain recovery against ward, such admission having no probative force or evidentiary effect.

**7. Insane persons** ⊛⇒99—**Directed verdict against wife claiming homestead conveyed by husband alone held improper on admissions of insanity by wife's guardian ad litem.**

In trespass to try title to homestead conveyed by husband alone, wife being insane, it was error to instruct verdict against wife, where there was no evidence of wife's insanity except from admissions of her guardian ad litem, which could not be considered.

**8. Pleading** ⊛⇒36(6)—**Defendant, joined in trespass to try title to homestead conveyed by husband alone, is bound by admissions that wife was insane.**

In trespass to try title to homestead conveyed by husband alone, wife being insane, son joined as defendant to action admitting that mother had been legally adjudged insane, and that she was still confined in an asylum, is bound by such admissions.

**9. Evidence** ⊛⇒89—**Presumption of continued insanity from adjudication is not rebutted by release for short period from asylum.**

In trespass to try title to homestead conveyed by husband alone, wife being insane, presumption of continued state of insanity arising from previous adjudication that wife was insane is not rebutted by mere fact that wife was at home when deed to homestead was executed.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit in trespass to try title by Frank Gersdorff against Mrs. Mary Torres and Modesto Torres and others. Judgment for plaintiff was reversed and cause remanded as to defendants named by Court of Civil Appeals (287 S. W. 668), and plaintiff brings error. Judgment for defendant last named reversed, and judgment of trial court affirmed, and judgment as to defendant first named affirmed.

Terrell, Davis, Huff & McMillan, of San Antonio, for plaintiff in error.

Davis & Wright, Will A. Morriss, Guy A. McFarland and Will A. Morriss, Jr., all of San Antonio, for defendants in error.

HARVEY, P. J. This is a suit in trespass to try title to a certain parcel of land in the city of San Antonio, instituted on January 19, 1925, by the plaintiff in error, Frank Gersdorff, against Mary Torres and her husband, Modesto Torres, and Roy Torres and E. J. Torres. On the day the suit was filed citation was issued, and the return of the officer thereon shows that same was served on Mary Torres in person on January 22, 1925. Roy Torres filed answer on February 2, 1925, in which he set up, among other things, that his mother, Mary Torres, was then "an inmate of the Southwestern Insane Asylum in Bexar county, Tex., and that it is necessary for a guardian ad litem to be appointed to represent her herein." On March 30, 1925, the trial court entered an order reciting that the defendant Mary Torres "is non compos mentis," and appointing Robert G. Harris guardian ad litem to represent her in the suit. In due time said guardian ad litem filed answer in behalf of Mary Torres, pleading not guilty, homestead rights, and other defenses. On October 28, 1925, the cause came on for trial, when the death of Modesto Torres was suggested, and, as to him, judgment of dismissal was entered, and also as to the defendant E. J. Torres a judgment of dismissal was entered because of lack of service of citation on him. The trial thereupon proceeded, and upon conclusion of the testimony the court peremptorily instructed a verdict for the plaintiff, Frank Gersdorff. Judgment was thereupon entered in favor of Gersdorff against Mary Torres and Roy Torres for the land sued for. The judgment recited, among other things, that at such trial the plaintiff and Roy Torres appeared, and that "the defendant Mary Torres, who was served as required by law, having heretofore been legally adjudged to be insane by the county court of Bexar county, Tex., and being now confined in the San Antonio State Hospital, one of the asylums of the state of Texas, appeared through her guardian ad litem, Robert G. Harris, duly appointed as such by an order of this court dated March 30, 1925."

The evidence discloses that the plaintiff Gersdorff's claim of title is founded on a gen-

eral warranty deed executed to him by Modesto Torres, bearing date July 17, 1923, purporting to convey the property in controversy. The evidence further shows that at the time this deed was executed and for many years prior thereto the property in controversy constituted the homestead of Modesto Torres and Mary Torres, who were husband and wife, and same continued thereafter to be their home; that Mary Torres, for some time prior to the execution of said deed, and up to a day or two before its execution, had stayed at the insane asylum in San Antonio, but what occasioned her staying there, or what her mental condition was while there, does not appear from the evidence. A day or two before said deed was executed Mary Torres had come home from the asylum, and was in her home when said deed was executed, and at some time thereafter not shown by the evidence, she returned to the asylum. Mary Torres never, at any time, signed or acknowledged a deed to the property in controversy. There is evidence tending to show that the property in controversy was the separate property of Modesto Torres. The record before us contains no evidence (aside from the admissions of parties hereinafter noted) to show that Mary Torres, at the time the deed from Modesto to Gersdorff was executed, or at any time prior thereto, was insane, or that she ever had been theretofore adjudged insane by the county court of Bexar county, or by any other court. All that the record discloses in regard to these matters is contained in the following admission of the parties, made upon the trial of the case and entered in the statement of facts, to wit:

"It is further admitted by all parties to this suit that Mary Torres, one of the defendants, was legally adjudged to be insane on the 21st day of July, 1915, by the county court of Bexar county, Tex., and that she has been confined in the asylum for all the time except such time as she may have been let out; she is presumed to be insane unless she is pronounced cured and released; and it is further admitted that she is still confined in the San Antonio State Hospital, one of the insane asylums of the state of Texas."

On October 31, 1925, Robert G. Harris, as guardian ad litem for Mary Torres, filed a formal motion for new trial. On December 3, 1925, Mary Torres, through attorneys of her own selection, filed her amended motion for new trial, with leave of the court, in which she assailed the judgment that had been rendered against her on October 28, 1925, as being contrary to the evidence, and set up that she was sane when the deed to her homestead was executed by her husband to Gersdorff, and that she was sane at the time of presenting said amended motion for new trial. Affidavits of herself and a number of physicians and other affiants were attached to the motion, in which the affiants make oath to the sanity of Mary Torres at the times above mentioned. These affidavits were not controverted. After hearing and considering said amended motion and attached affidavits, the court entered an order overruling the motion, to which action of the court Mary Torres duly excepted and gave notice of appeal. The said order so entered by the court further provides that:

"It is the order of the court that the defendant Mrs. Mary Torres may conduct her said appeal without the aid or intervention of a guardian ad litem, and that the guardian ad litem heretofore acting for her is hereby discharged from the cause."

Both Mary Torres and Roy Torres duly appealed from the judgment of the trial court, and on such appeal the said judgment was reversed by the Court of Civil Appeals as to both defendants. 287 S. W. 668.

[1-6] The husband has legal authority to make conveyance of the homestead of himself and insane wife, whenever the homestead is either community property or the separate estate of the husband. Green v. Windham, 115 Tex. 162, 278 S. W. 1101; Reynolds Mortgage Co. v. Gambill, 115 Tex. 273, 280 S. W. 531. The foundation of this authority is the fact of the wife's mental incapacity to consent to the conveyance as required by the constitutional provision on the subject. Since the law presumes every person to be sane until the contrary is proved, one who claims title to the homestead property under a deed executed by the husband, on the ground that the wife was insane and therefore mentally incapable of giving her consent to the conveyance, has the burden of proving the fact of the wife's insanity at the time the deed was executed. This proof may be supplied by presumption arising from the proved fact of a previous adjudication of the wife's insanity, in a legal proceeding instituted for that purpose (Elston v. Jasper, 45 Tex. 409); but in no event will admissions of a guardian ad litem, to the effect that such previous adjudication was made, constitute proof of this fact, or furnish a foundation for presumption. Nor may the guardian ad litem, by his admissions, dispense with any other legal means of proving the fact of the wife's insanity at the time the deed in question was executed. A guardian ad litem is wholly without authority to bind his ward by an admission of any fact which is necessary to sustain a recovery against the ward. Such an admission by him has no probative force or evidentiary effect, and cannot form the basis for a recovery against his ward. 32 C. J. 777; 31 C. J. 1143; 14 R. C. L. 291; Knight v. Waggoner (Tex. Civ. App) 214 S. W. 692; White v. Joyce, 158 U. S. 128, 15 S. Ct. 788, 39 L. Ed. 921.

[7] With the admissions of the guardian ad litem eliminated from consideration, the record here contains no evidence that Mary Torres, prior to the execution of the deed to Gersdorff by Modesto Torres, ever had been

insane or that she ever had been adjudged by any court to be insane; nor is there any other fact in evidence upon which to base a finding that she was insane when said deed was executed. For this reason, the trial court committed error in instructing a verdict against Mary Torres and in rendering judgment against her.

[8, 9] Roy Torres joined in making the admissions of fact hereinabove quoted. He is bound by these admissions. He admitted that Mary Torres had been legally adjudged insane in the year 1915, and had been confined to the asylum all the time "except such time as she may have been let out," and that she still was confined in the asylum at the time of the trial. We do not think that the presumption of a continued state of insanity which arises from these admitted facts was rebutted by the mere fact that Mary Torres was at home when the deed in question was executed. Upon the trial of the case there was no testimony whatever tending to show a restoration of her reason at the time she was at home, or to show under what circumstances she left the asylum a day or two before the deed was executed.

We recommend that the judgment of the Court of Civil Appeals in so far as it reverses the judgment rendered by the trial court against Roy Torres be reversed, and the judgment of the trial court, in that respect, be affirmed; and we further recommend that the judgment of the Court of Civil Appeals, in so far as it reverses the judgment rendered by the trial court against Mary Torres and remands the cause as to her, be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed as to Roy Torres and that of the district court affirmed. Judgment of the Court of Civil Appeals as to Mary Torres is affirmed, as recommended by the Commission of Appeals.