## MAGNOLIA PETROLEUM CO. et al. v. STILL et al.

No. 5880.

Court of Civil Appeals of Texas. Texarkana.

April 9, 1942.

Rehearing Denied May 7, 1942.

Walace Hawkins and Roy C. Ledbetter, both of Dallas, Brachfield & Wolfe and Vernon McDavid, all of Henderson, P. A. Sanders, of Nacogdoches, Troy Smith, of Tyler, Jones & Jones, of Mineola, Ocie Speer, of Austin, and Rufus Garrett, of Fort Worth, for appellants.

Wynne & Wynne, Angus G. Wynne, Henry H. Harbour, Philip Brin, and Wm. M. Davis, all of Longview, and Norman M. West and Caves, Waldrop & Shaw, all of Henderson, for appellees.

JOHNSON, Chief Justice.

C. C. Still and Ruth Still were married in 1910 and have since lived together as husband and wife. Ten children were born unto the marriage, eight of whom are living. The 100 acres of land here involved is the community homestead of Still and wife. It was purchased by Still from F. A. Taylor in 1926. As a part of the purchase price C. C. Still assumed the payment of a $700 vendor's lien note theretofore executed by Taylor to D. E. Jernigan. The deed from Jernigan to Taylor and from Taylor to Still reserved the vendor's lien securing payment of the note. The note was due October 1, 1927. The Stills farmed the land, as their only means of support.

On September 12, 1930, Still and wife, joined by P. L. Nolen, owner and holder of the $700 note and vendor's lien, executed an oil and gas lease on the land to R. T. Sullins, in the usual form, conveying the ⅞ leasehold. Still and wife on the same date conveyed ½ their royalty to E. L. Smith. The total consideration received for the leasehold and the ½ royalty was $1,000, of which $550 was used in paying off the balance due on the vendor's lien note and $450 in paying a grocery and supply bill incurred for necessaries in support of the Still family. On February 20, 1933, Still and wife conveyed 13/400 royalty interest in the 100 acres to the Sabine Royalty Corporation for $1,289.22, a part of which was used in paying doctor bills and medical expenses due on account of then existing illness of Mrs. Still. The consideration paid for the lease and royalty interest is shown to have been its fair and reasonable cash market value at the time of the sales. The transactions were free from fraud or any character of imposition.

This suit was filed in January 1939, by C. C. Still, as a non compos mentis, suing through his next friend, Donald Leverett, and by Ruth Still, wife of C. C. Still, against Magnolia Petroleum Company, assignee of the leasehold interest, and numerous other defendants, assignees of said royalty interests. On March 17, 1939, the probate court of Rusk County appointed Donald Leverett guardian of the estate of C. C. Still by an order reciting that Still was of unsound mind. On March 27, 1940, the fourth amended original petition was filed by Donald Leverett as guardian of the estate and as next friend of C. C. Still, a person of unsound mind, and by Ruth Still, wife of C. C. Still. The petition is in form of trespass to try title and for cancellation of said oil and gas lease and the mineral conveyances above mentioned, and for an accounting for the oil produced from the land, based upon the alleged ground that C. C. Still at the time he and his wife executed said instruments, and at all other times material, was a person of unsound mind and mentally incapable of executing said conveyances.

The jury found that C. C. Still at the time of signing each of said instruments did not have sufficient mental capacity to execute same. Judgment was entered cancelling each of the instruments, and in favor of Donald Leverett as guardian of the estate of C. C. Still, for title and possession of the 100 acres of land including the minerals, and for a sum of money representing the net oil runs from the land. Defendants have appealed.

Appellants' first proposition, disputed by appellees' first counter proposition, properly raises the following question: Does the wife of an insane husband, where there are children, and without qualifying under the community administration laws (Title 54, Chapter 27, Vernon's Ann.Civ.St. art. 3661 et seq.), have the power to convey mineral interests in the community homestead to pay existing community indebtedness constituting a vendor's lien on the land and to pay for current medical and grocery bills incurred in the necessary support of herself, insane husband, and children?

Appellants, in substance, make the contention that the statutes R.S.1925, Article 4619, Vernon's Ann.Civ.St. art. 4619, which provides that "during coverture the common property of the husband and wife may be disposed of by the husband only," and Article 4618, which provides that the homestead may be disposed of only by the joint conveyance of both the husband and wife, are referable to a sane husband and do not apply where the husband is insane and there is necessity for sale to be made by the wife of a portion of the community homestead for the purpose of discharging a lien thereon and to pay for necessaries for the support of herself and family.

Appellees, in substance, contend that the wife of an insane husband has no power to convey the community property for any purpose, except where she is by statute expressly authorized to do so; and that there

is no statute granting such authority to the wife of an insane husband, where there are children, except upon giving bond and qualifying as community survivor of the community estate of herself and insane husband, as provided in Chapter 27, Title 54, R.C.S.1925; and that such community administration statutes are exclusive.

The Constitution of Texas, Article 16, Section 15, Vernon's Ann.St., recognizes the power of the wife to own property, both separate and in common with her husband. Her right of property in her separate estate and in the community effects is that of real ownership, equal to that of the husband. Wright v. Hays' Adm'r, 10 Tex. 130, 60 Am.Dec. 200; 23 T.J. 101, 102, Secs. 80, 81. "One of the most valuable incidents of the right of property is the power of disposing of it; and it is held that the power, in the absence of statutory restrictions, ordinarily accompanies the right. Where the law permits the wife to take and hold property in her own right, it is generally held that she can transfer it as a feme sole, unless restrained by legislative enactments." Ballard v. Carmichael, 83 Tex. 355, 364, 18 S.W. 734, 737. So, legislative enactment is not necessary to confer upon the wife power to convey. She possesses that power independent of the statutes, as an incident to her constitutional right of ownership, the same as the husband.

In the interest of what is deemed beneficial to the connubial partnership, certain statutory restrictions have been placed upon the right of a wife to exercise the power of conveyance, as to her separate property, R.S. Article 4614, Vernon's Ann. Civ.St. Art. 4614, and as to that held in common with her husband, R. S. Article 4619, and upon both the husband and wife as to the homestead whether it consists of the separate property of either or the community property of both, R.S. Article 4618. The statutes do not destroy the wife's title or ownership, they merely restrain or suspend the right to exercise her power to convey. Such statutory restraint upon the right to exercise the power to convey is itself a recognition of the existence of such power, in the wife as well as in the husband.

It is an old established maxim that the law does not contemplate or require impossibilities. Shields v. Aultman, Miller & Co., 20 Tex.Civ.App. 345, 50 S.W. 219, writ refused; Green v. Windham, 115 Tex. 162, 278 S.W. 1101. The statutes in placing sole disposition of the community property in the hands of the husband, and requiring the joinder of both husband and wife in conveyance of the homestead, do not contemplate such disposition by or joinder of an insane husband who is incapable of performing that duty. From an early date our courts have held that such statutes do not apply where the husband by abandoning the wife has ceased to perform the corresponding duty of supporting the family, but that in such circumstances the wife may convey her separate property, Fullerton v. Doyle, 18 Tex. 3; Hector v. Knox, 63 Tex. 613; Harris v. Hamilton, Tex.Com.App., 221 S.W. 273; and when necessary in the protection of the partnership interest or support of the family, she may convey community property without joinder of the husband. Wright v. Hays' Adm'r, supra; Cheek v. Bellows, 17 Tex. 613, 67 Am.Dec. 686; Slator v. Neal, 64 Tex. 222; Clements v. Ewing, 71 Tex. 370, 9 S.W. 312; Masterson v. Bouldin, Tex.Civ.App., 151 S.W.2d 301, writ refused. And it is held that the statutes requiring joinder of the husband in the sale of the wife's separate property, even though homestead, do not apply where he is insane. Ross v. Tide Water Oil Co., 136 Tex. 66, 145 S.W.2d 1089. The reasoning found in the above-cited authorities, to which others of like import may be added, compel the conclusion that said statutes do not apply where the husband is insane and a necessity arises for the wife to convey community homestead for the purpose of discharging a lien thereon or to pay for necessaries for herself and family.

The community administration laws, R.S.1925, Title 54, Chapter 27, permitting the surviving spouse of a deceased or insane husband or wife to qualify as community survivor and conferring upon such survivor the broad and absolute powers given under the statute to convey the community property whether there exists any necessity therefor or not, are cumulative of the restricted right, existing independent of such statutes, to convey the community property for the purpose of discharging a lien thereon or to pay for necessaries. That the statutes are cumulative of that power is further illustrated by the reasoning found in the decisions of our courts, in addition to those

already cited, sustaining conveyances in the following facts:

· Where the surviving· husband of deceased wife conveys community property to pay community debts, without qualifying as ·community survivor. Stone v. Jackson, 109· Tex. 385, 210 S.W. 953 . and authorities there cited. Where the·surviving husband of an insane wife, without qualifying as community survivor, conveys the community property, Pierce v. Gibson, 108 Tex. 62, 184 S.W. 502, 1 A.L.R. 1675, comprising the homestead, Shields v. Aultman, Miller & Co., 20 Tex.Civ.App. 345, 50 S.W. 219, writ refused; Reynolds Mtg. Co. v. Gambill, 115 Tex. 273, 280 S.W. 531. Where the surviving wife of a deceased husband conveys community property without qualifying under the statute, Ladd v. Farrar, Tex.Sup., 17 S.W. 55; Jung v. Petermann, Tex.Civ.App., 194 S.W. 202, writ refused; Hames v. Stroud, 51 Tex.Civ. App. · 562, 112 S.W. 775, writ refused; Crawford v. Gibson, Tex.Civ.App., · 203 S.W. 375, writ refused; Henry v. Vaughan, 46 Tex.Civ.App. 531, 103 S.W. 192, writ refused. Where the surviving wife of deceased husband conveys community homestead without qualifying under the statute, Davis v. Magnolia Petroleum Co., 134 Tex. 201, 134 S.W.2d 1042; Tilley v. Kangerga, Tex.Civ.App., 83 S.W.2d 787, writ refused; Walston v. Gibson, Tex.Civ.App., 141 S.W.2d 997, writ refused; Belcher Land Co. v. Taylor, Tex.Com.App., 212 S.W. 647 (renewed a lien on community homestead after she had remarried).

In Ross v. Tide Water Oil Co., supra, [136 Tex. 66, 145 S.W.2d 1093], it is said: "Community administration laws will illustrate permissive legislation for the management and disposition of property by one spouse where the other has died or become insane. That the community administration laws are not exclusive is demonstrated by the case of Reynolds Mtg. Co. v. Gambill, 115 Tex. 273, 280 S.W. 531."

Appellees cite Heidenheimer v. Thomas, 63 Tex. 287; Donaldson v. Meyer, Tex. Com.App., 261 S.W. 369. In each of those cases the court refused to sustain a conveyance of the community homestead by the wife of an insane husband, but in neither of which cases did the facts show that the sale was made for the purpose of discharging a lien thereon or to pay for necessaries. In this material respect the facts before us are not comparable to the facts in either of

those cases. Appellees also cite Texas & P. Ry. Co. v. Bailey, 83. Tex. 19, 18 S.W. 481. . In that case the husband sued for personal injuries. He became insane and the wife was permitted to prosecute the suit in her own name. Judgment for the wife was reversed and remanded on .the ground that the suit should have been prosecuted by the wife as guardian of the insane husband. That case, like the Heidenheimer and Donaldson cases ·above ·mentioned, is· not in point with the facts .of this case and does not involve. the question here presented. The Heidenheimer case, as well as Texas & P. Ry. Co. v. Bailey, criticizes but does not expressly or ·in point of decision overrule the case of. Forbes v. Moore, 32 Tex. 195, which in effect held that the wife of an insane husband may dispose .of community property for the necessary support of herself and children. The .court in the Heidenheimer case said:

"If the rule as stated in that case [Forbes v. Moore] were the true one, it however would not be broad enough to sustain the sale in this case as the sole act of the wife.

"The property named in the deed was a part of the homestead of the family, and was the only property belonging to the husband and wife from which any revenue could be derived.

"There seems to have been a business house on the lot described in the deed, which the husband, a merchant, used as his place of business, which was of the rental value of $40 or $50 per month, and the consideration for the deed to the appellant was a debt due him from the husband.

"If such a rule existed, it could only spring from the necessity of the family to have a support; to which the sale, in the case under consideration, could in no manner have contributed. Upon the contrary, such a sale would have deprived the family of the only piece of property which could have contributed to its support."

■ In the case of Lee v. Hall Music Co., 119 Tex. 547, 35 S.W.2d 685, cited by appellees, it was held that where the husband was insane the wife, not having qualified as community survivor, was not liable on her promissory note, not shown to have been executed for necessaries. In course of the opinion, recommendation was made for consideration of the Legislature of the propriety of so amending the provi-

sion of Chapter 27, Title 54, R.C.S.1925, as to give either spouse, while the other is insane, exclusive authority (without qualifying under the statutes) to manage, control and dispose of property belonging to the community estate, regardless of whether there be children or not, or whether the insane spouse have separate property or not. In the case of Howell v. Fidelity Lumber Co., Tex.Com.App., 228 S.W. 181, it is said that upon the husband's becoming insane, the exclusive management and control of the community property does not automatically pass to the wife. We agree that the fact alone of insanity of the husband does not give the wife exclusive or unlimited authority to contract as a feme sole, or to dispose of the community property in the absence of any necessity therefor. If she wishes to exercise the absolute powers conferred upon the qualified survivor of a deceased or insane husband by the community administration laws, to sell or otherwise dispose of community property whether there be necessity for such sale or not, she must give bond and qualify under the statutes. Fidelity Union Ins. Co. v. Hutchins, 134 Tex. 268, 133 S.W.2d 105.

We think that Mrs. Still as the wife of an insane husband had the power, without qualifying under the community administration statutes, to convey the mineral interest in the community homestead here in controversy for the purpose of discharging the vendor's lien thereon and to pay for necessaries in support of herself, insane husband, and children. Appellants' first proposition is sustained.

We have examined appellants' remaining propositions and do not think that they present reversible error and they are overruled.

The judgment of the trial court is reversed and judgment is here rendered that plaintiffs, appellees, take nothing by reason of their lawsuit.