### SELLERS et al. v. LATHAM et al.

No. 3072.

Court of Civil Appeals of Texas. Waco.

Feb. 13, 1953.

Rehearing Denied March 31, 1953.

Harry W. Flentge, Gatesville, for appellants.

Byron McClellan, Gatesville, for appellees.

TIREY, Justice.

Mrs. Lillian Sellers brought this suit for herself and as guardian of her insane husband to recover title and possession of a sorrel colt alleged to be of the value of $250.00 against Billy Cleburne Latham, a minor, and his father Cleburne Texas Latham. The case was tried to a jury and its verdict was favorable to the minor and his father, and appellants have perfected their appeal.

The judgment is assailed on five points. They are substantially: The court erred

(1) in not granting appellants' motion for a peremptory instruction; (2) in not submitting the special issue of appellants as to the insanity of appellant A. L. Sellers; (3) in not granting appellants' motion for judgment non obstante veredicto; (4) in submitting Special Issue No. 1, because it contained a mixed question of law and fact and is duplicitous and upon the weight of the testimony; and (5) in not sustaining the special exceptions of appellants.

As we understand appellants' pleadings, they are to the effect that Mrs. Sellers, in February 1952 and while her husband was mentally incapacitated, placed the colt in the possession of the minor to be used by him in caring for appellants' livestock, and that the delivery of such colt to the minor "was a special bailment for the mutual benefit of both parties, that the colt in question was delivered to Billy Cleburne Latham for safe keeping and was a gratuitous bailment"; that she made demand of the minor and his father for the return of the colt, and they refused to return it, and they sued for title and possession.

The defendants answered by general denial and by special plea averred that the colt in question "was delivered into the possession of said minor as his own, and in liquidation and extinguishment of a previously existing community indebtedness", and they asked for appropriate relief.

Testimony was tendered to the effect that A. L. Sellers was a person of unsound mind at the time appellee Billy Cleburne Latham went to work for him tending his livestock, which was on or about the 10th of December, 1951; that Sellers was adjudged insane on the 4th of February, 1952; that Billy Cleburne Latham worked for the appellants from about December 10, 1951 until sometime after February 15, 1952; that appellants admitted that they owed the minor for his work, but that Mrs. Sellers didn't give the colt to the minor in payment for his labor; that the colt was the community property of Mrs. Sellers and her husband. Testimony was tendered by appellees to the effect that Mrs. Sellers delivered the pony to the minor in settlement and satisfaction for his work.

Special Issue No. 1 is:

"Do you find from a preponderance of the evidence, if any, that Mrs. Lillian Sellers, wife of A. L. Sellers, did not give the horse in question to Billy Cleburne Latham as compensation for services rendered? Answer 'She did' or 'she did not.'"

to which the jury answered: She did. (It appears that other issues were submitted by the court, but at appellants' request they were deleted from the transcript.)

The trial court overruled appellants' motion for judgment non obstante veredicto and granted appellees' motion for judgment and awarded title and possession of the colt in question to the minor and entered a "take nothing" judgment against appellants.

■ Since the jury found in effect that Mrs. Sellers gave the colt to the minor in consideration for the services he had rendered to her and her husband in the management and care of the livestock belonging to the community estate, and since the evidence is sufficient to support such finding, the sole question here is: Did she have authority to do so, since the evidence is without dispute that her husband at said time was mentally incapacitated? We think she did.

■ Much has been written by our courts in Texas as to what the wife can do for the preservation of her separate property and community property when the husband becomes insane and it is well settled that where the husband is insane and necessity arises for the wife to convey her separate property and/or the community estate, she has power to do so without any authority from a court. Our Supreme Court in Ross v. Tide Water Oil Co., 136 Tex. 66, 145 S.W.2d 1089, Com.Apps., opinion adopted by S.Ct., held substantially that the statutes relating to conveyances and management of the community and separate property by the wife, if the husband becomes insane, are merely cumulative of the wife's right to convey and manage such property when necessary to pay debts and preserve the property theretofore recognized by our courts, and such statutes are not restrictive thereof. The foregoing

234

opinion is interesting and gives a comprehensive discussion of the leading cases in Texas dealing with the rights of the wife when the husband becomes insane. Another well considered opinion dealing with substantially the same question is Magnolia Petroleum Co. v. Still, Tex.Civ. App.1942, 163 S.W.2d 268, writ of error ref. The foregoing two decisions accurately announce the rule of our Supreme Court applicable to the factual situation here and our Supreme Court has not departed from the doctrine announced in the foregoing cases.

In view of the issue raised and the verdict of the jury all other questions pass out of the case.

The judgment of the trial court is affirmed.