JAMES P. HECTOR v. MARTHA KNOX.

(Case No. 1885.)

1. HOMESTEAD — CONVEYANCE BY MARRIED WOMAN.— The homestead was the separate property of the wife. The husband, not being able to induce the wife to compel her sister, who performed the menial labor for the family, to quit the premises, removed from the home and left the wife in 1877; and, though he lived near her for the greater part of four years, never visited

her or questioned her physician during her last sickness as to her condition. Three days before the wife died (in May, 1881) she conveyed her homestead to her sister, the husband not joining. The husband sued the sister of the deceased wife to recover the home place. *Held:*

(1) The facts above stated were sufficient to show abandonment.

(2) The wife's deed conveyed title.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

Suit by appellant to recover of Martha Knox a lot containing three acres of ground in the city of San Antonio, which he claimed as the homestead of himself and his deceased wife, Ann M. Hector.

He alleged that he was married to Ann M. on May 19, 1870, and was her husband at the time of her death, May 20, 1881.

That at the time of her death Ann M. Hector was the owner in fee, "as her separate property," of three acres of land, and the houses thereon, on North Flores street, in the city of San Antonio, describing the same, as well as of another tract, which is also described.

That on her death, she having no children, he became the owner in fee-simple of an undivided one-half of the property, as her surviving husband; that the three acres was the homestead of himself and his wife, and so occupied by them up to her death, and that he was entitled to the use and possession of the whole of it during his life.

That, being the legal and equitable owner on the 27th day of May, 1881, and in the possession thereof, the appellee, Martha Knox, unlawfully entered thereon and ousted and ejected him, etc.; that the appellee set up a claim to the land under two deeds pretended to have been executed by his deceased wife on the 23d day of May, 1881, which deeds were duly recorded on the same day; and that at the time of the execution of these deeds the deceased was feeble in body and mind, and induced to make them by the appellee, who, by fraud and misrepresentations, had acquired an undue influence and control over the mind of the deceased; that said deeds were made without his consent; that he did not join in their execution; that they were null and void.

He prayed for a decree canceling the deeds; that the title to an undivided half of the two tracts of land be vested in him, and for judgment for the possession of the three acres during his life; for value of the rents and profits, and for costs.

Appellee denied the allegations that at the time of the execution of the deeds Ann M. Hector was feeble in mind and was induced

to make the same by appellee, alleging, further, that Ann was of sound mind and discretion, and acted freely and voluntarily, and of her own will and accord, "and was not influenced or controlled in any manner, by any person, in the execution of said deeds."

The answer of appellee further alleges that appellant, on or about the month of September, 1877, voluntarily left the house of said Ann M. Hector, with the intention of abandonment, which abandonment was continued by him up to the time of her death, on the 26th of May, 1881, and that he left her to the management of her property; that during all of that time, and for a long time prior, he neglected, refused and failed to contribute, in any degree whatever, to the support and maintenance of his wife; that in consequence his consent to the making, and his joining in the execution, of the deeds was not necessary, but that his wife had a full and perfect right to make them, without regard to him, and that they vest title in appellee.

In an amended supplemental petition appellant denied the intention of abandonment; denied neglect and refusal to provide for his wife, and denied generally. Verdict and judgment for the appellee. The wife conveyed the property to her sister three days before her death.

Upon abandonment of the homestead the court charged the jury as follows:

"If you believe from the evidence that the premises described in the petition of the plaintiff as the homestead of himself and wife was in fact used, occupied and enjoyed by said plaintiff and his said wife as their homestead up to the death of the wife, then and in that case the plaintiff is entitled to recover, and your verdict will be for the plaintiff as to the homestead.

5. "If you believe from the evidence that the plaintiff abandoned his wife, and left her to shift for herself, and that he failed to support his wife, and that he voluntarily and without cause left the premises used and occupied as a homestead, and that he absented himself from said house and continued said abandonment up to the death of his said wife, then and in that event you will find your verdict in favor of the defendant."

The appellant asked the following special charges, which were also given:

"If the jury find from the evidence that James P. Hector and Ann M. Hector were married and occupied the house on North Flores street, described in the petition as their homestead, the plaintiff is entitled to recover the possession of said homestead, unless he abandoned his said wife before her death.

Opinion of the court.

"The jury are instructed that an abandonment of his wife by James P. Hector, within the meaning of the law, is a voluntary desertion without cause, and without an intention of returning; and unless you believe from the evidence that said James P. Hector left his house voluntarily and without cause, and with an intention not to return, you will find for the plaintiff as to the homestead on North Flores street."

The following charges were asked by appellee and given by the court:

"If the jury believe from the evidence that the plaintiff, James P. Hector, totally abandoned his wife, Ann M. Hector, or left her for a number of years to discharge the duties and meet the responsibility of a *feme sole*, or the head of the community, she acquired thereby the right to manage, control and dispose of the homestead in controversy, which is admitted to have been her separate property; and if you believe, under such circumstances, that Mrs. Ann M. Hector conveyed the property in question to the defendant, you will find for the defendant."

It would appear from the evidence that the husband was willing to live with the wife at any time, but not on condition that her sister remained in the house.

*L. D. Murray, Eckford & Newton* and *A. Chevalier*, for appellant, that the abandonment was not voluntary, cited: Collins *v.* Atkinson, 2 Tex. L. Rev., 239; Earle *v.* Earle, 9 Tex., 632; Sears *v.* Sears, 45 Tex., 559; Newland *v.* Holland, 45 Tex., 589; Ezell *v.* Doddson, 2 Tex. L. Rev., 348; Carothers *v.* McNese, 43 Tex., 221; Collins *v.* Atkinson, 2 Tex. L. Rev.

That the deed of the wife, the husband not joining, conveyed no title — citing: Cannon *v.* Boutwell, 53 Tex., 626.

*Waelder & Upson*, for appellee, that the abandonment was voluntary, and the wife's separate deed conveyed title, cited: Ann Berta Lodge *v.* Leverton, 42 Tex., 20; Wright *v.* Hays, 10 Tex., 133; Sears *v.* Sears, 45 Tex., 559; Slaughter *v.* Glenn, 98 U. S., 242.

The wife having conveyed after three years' abandonment by her husband, he could assert no interest in her property— citing: Trawick *v.* Harris, 8 Tex., 317; Earle *v.* Earle, 9 Tex., 633; Wright *v.* Hays, 10 Tex., 135; Sears *v.* Sears, 45 Tex., 559.

DELANY, J. COM. APP.— The only questions of importance in the case are: 1st. Whether there was an abandonment of the wife by the husband. 2d. If there was an abandonment, was it without cause.

We take the words " without cause " to mean without any reasonable cause which would justify or excuse the abandonment.

The plaintiff admits that he left the house in 1877 and that he never lived there afterwards. In the years 1878 and 1879 he went to the house perhaps two or three times, but it does not affirmatively appear that he ever spoke to his wife or saw her after he left her in 1877. And, although he lived only a short distance from her, and, so far as appears, might have seen her any day, yet, during the long period of her declining health, he did not go near her or even question her physician about the state of her health. Under the circumstances our opinion is that the jury were fully warranted in finding an abandonment.

Was there anything to excuse or justify his conduct? We think not. He says that he was greatly attached to his wife, and that he left her very reluctantly. This is doubtless true; still he left her voluntarily. There is no pretense that his wife ever mistreated him in any way. The witnesses on both sides who were intimate with the family bear testimony to her devotion to her husband and her kindness to his children by a former marriage, who were members of the household. She appears to have been a woman of excellent sense and of many virtues. But the husband could not endure Miss Knox, his wife's sister, who was also a member of the family. He complains that she assumed a sort of general control over the household affairs; that she interfered with his papers, and that she endeavored to create differences between himself and his wife. That he endeavored to induce his wife to send her away, and, failing to succeed in that, he at last left the place himself. Precisely how Miss Knox interfered with the plaintiff's papers is not explained; but a son of the plaintiff who was a witness says that Miss Knox did all the house work, such as cooking, cleaning up the rooms, etc., and it seems probable that while brushing out the plaintiff's room she would attempt to put the papers in order. The witness says that no other member of the family " ventured to touch the papers." The testimony of the witnesses on both sides shows that Miss Knox performed most of the household work; that when she came into the family, Mrs. Hector's health was already somewhat impaired by the disease which finally carried her off. It appears also that everything which a sister's devotion could do, to render the life of the invalid tolerable, Miss Knox was ready to do.

No specific attempt of hers is shown to disturb the peace of the family or to sow discord between the plaintiff and his wife. It is clear, however, that she did not entertain a very exalted opinion

of her brother-in-law, and it is probable, also, that she did not always conceal the fact. Thus a quarrel arose between them in which there was probably something to blame on both sides. When the plaintiff requested his wife to send Miss Knox away, she appealed to his forbearance and expressed the hope that matters would get better. It is difficult to read the record without being impressed with the belief that if the plaintiff had regarded the entreaties of his wife, had controlled his temper and practiced a reasonable degree of moderation and good sense, he might have remained peacefully at home, and have contributed greatly to the comfort and happiness of his wife in her declining health. In our opinion there is nothing in the evidence which will justify or excuse his abandonment of his wife.

It is not necessary for us to express an opinion concerning the admissibility of the will in evidence. Without it there is ample evidence to sustain the verdict, and, from the nature of the issue presented to the jury, we do not think the admission of the evidence could have influenced the verdict.

The judgment should be affirmed.

AFFIRMED.

[Opinion adopted February 17, 1885.]