## GILLEY v. TROOP.†

(Court of Civil Appeals of Texas. Ft. Worth. March 16, 1912. Rehearing Denied April 13, 1912.)

1. HOMESTEAD (§ 117*)—TRANSFER—CONSENT OF WIFE—INSANITY OF WIFE.

Const. art. 16, § 50, prohibits the sale of the homestead by the husband without the consent of the wife, and Rev. St. 1895, arts. 636, 4643, provide for the wife's joinder in a deed of the homestead and her privy acknowledgment thereof. A wife, who with her husband had for six months occupied a homestead lot, the separate property of the husband, was legally declared insane and confined in an institution for about three years, during which time the husband, without intent to defraud the wife, sold the lot and removed from it. Held, in an action by the wife, after restoration to sanity a year after the sale, that while confined in the institution she was unable to give her consent, as required by the Constitution and statutes, and that the sale by the husband was valid.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 191–202; Dec. Dig. § 117.*]

2. HOMESTEAD (§ 117*) — REMOVAL FROM HOMESTEAD.

Where a husband and wife live on a homestead, the separate property of the husband, and the wife is legally declared insane, so as to be incapacitated from consenting to a deed of the homestead by joinder, and privy acknowledgment, and the husband, with the children, removes from the homestead, his sale of the lot, more than a year after such removal, with no intent to defraud the wife, is valid, regardless of whether, at the time of the removal and abandonment, he intended to acquire another homestead, or whether another homestead had in fact been acquired.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 191–202; Dec. Dig. § 117.*]

3. HOMESTEAD (§ 181*)—ABANDONMENT—EVIDENCE—ACQUISITION OF NEW HOMESTEAD.

Upon the issue of abandonment of a homestead vel non, the question of whether a new homestead has been acquired is relevant and material, and the failure to acquire a new homestead may have weight in supporting a claim that there was no abandonment.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 351–353; Dec. Dig. § 181.*]

Appeal from District Court, Cooke County; Clem B. Potter, Judge.

Action by Mrs. Alma Gilley against Mrs. Minnie Troop. Judgment for defendant, and plaintiff appeals. Affirmed.

E. A. Blanton, of Gainesville, for appellant. Stuart, Bell & Moore, of Gainesville, for appellee.

CONNER, C. J. Mrs. Gilley instituted this suit against Mrs. Troop in the district court

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

of Cooke county to recover the title and possession of lot No. 10, block 2, of O'Neal's addition to the city of Gainesville. The case was tried before the court without a jury upon an agreed statement of the facts, and the following are the conclusions of law and fact by the trial court, upon which he rendered judgment in appellee's favor:

"The case is submitted upon an agreed statement of facts, the substance of which is: That the land in controversy was the separate property of W. S. Gilley. That W. S. Gilley was the husband of the plaintiff, and together they have a family of six minor children. That on the 30th day of January, 1906, the plaintiff, Mrs. Alma Gilley, was regularly and legally declared insane, and was confined for a period of about three years in the institution for the insane at Austin, Tex. That while she was confined in said institution at Austin, and on or about the 20th day of April, 1908, W. S. Gilley by a general warranty deed conveyed the land in controversy to Jesse L. Troop, who in turn conveyed the land in controversy to Forest D. Troop, the husband of the defendant, who in turn conveyed the land to the defendant. That for a period of about six months prior to January 30, 1906, W. S. Gilley and Mrs. Alma Gilley resided on the land in controversy, with their family, as their home, and that they had no other homestead.

"That, subsequent to the adjudication of insanity against Mrs. Alma Gilley, W. S. Gilley, together with their minor children, removed from the state of Texas to Oklahoma, where they yet reside. That the said W. S. Gilley and Mrs. Alma Gilley have been divorced by a judgment of divorce regularly made in the district court of the state of Oklahoma on the 2d day of September, 1909. That at the time of the execution of the deed, on the 20th day of April, 1908, said Mrs. Alma Gilley was confined in the asylum at Austin, Tex., and had been there for more than two years, but was released about one year after the execution of said deed, and about two years prior to the institution of this suit.

"As to the law, I conclude that at the time of the deed W. S. Gilley had a right to sell his separate property and homestead without procuring the separate acknowledgment of his wife, that her consent could not have been acquired to the same, and that the deed passed a valid title, and the fact that Mrs. Alma Gilley was subsequently restored to sound mind can have no effect on the validity of a deed executed by her husband more than one year prior to said restoration. I therefore conclude a judgment in favor of the defendant."

[1] In Hector v. Knox, 63 Tex. 613, a wife's deed to her separate property was sustained, the husband having voluntarily abandoned her. In Slator v. Neal, 64 Tex. 222, the wife's deed to community property was sustained, her husband being confined in the penitentiary for a two-year term; it being held that the confinement was equivalent to an abandonment of the wife. In Shields v. Aultman, Miller & Co., 20 Tex. Civ. App. 345, 50 S. W. 219, by the Court of Civil Appeals for the Fifth District, cited in Speer on Law of Married Women, § 259, a conveyance by the husband of lots that had constituted the community homestead of himself and insane wife was upheld. It was held that, notwithstanding the requirement of article 16, § 50, of our Constitution, which prohibits the sale of the homestead by the husband without the consent of the wife given in the manner prescribed by law, viz., by joining in the deed making privy acknowledgment (Revised Statutes, arts. 636 and 4643), that the wife, having become insane, was for all practical purposes civiliter mortuus, and unable to consent to the conveyance, or to join in its execution. In the case referred to it is stated that the wife was "hopelessly insane," and appellant insists that for that reason the case is not authority here, it here appearing that after the conveyance under consideration the wife recovered her sanity; but we see no sound reason for making a distinction. Mrs. Gilley had been legally declared insane, and for a year or more before the conveyance had been legally confined in a state institution, and was so confined at the time, and it must be certainly true that she was unable to give the consent required by the Constitution and the statutes cited. It is not insisted that the sale of the property in controversy was made by the husband for the purpose of defrauding the rights of the wife, and it being his separate property, and the wife being incapacitated for joining in the conveyance, we think the court's conclusion of law must be sustained.

[2] For yet another reason the judgment must be affirmed. It appears in the agreed statement of facts that the property, as found by the court, was the separate property of W. S. Gilley, the husband of appellant, and he unquestionably had the right to convey it without the wife's consent, unless at the time of his conveyance to Jesse L. Troop it then constituted the homestead. But the agreed facts show that W. S. Gilley removed to Oklahoma, as found by the court, some time during the year 1906, while his wife, Alma Gilley, was yet confined in the insane asylum; "that when said W. S. Gilley left Cooke county, Tex., he carried with him all the children of said W. S. and Mrs. Alma Gilley and abandoned the home in Texas; that neither the said W. S. Gilley nor any of his children has ever lived in Cooke county, Tex., since he left Texas as aforesaid." It thus appears that the conveyance by W. S. Gilley to Jesse L. Troop on the 20th day of April, 1908, was at least more than one year after he, together with every member of the family other than the

wife, had in fact abandoned the Texas home. There is nothing in the record to suggest that this abandonment was with the view of defrauding the wife, but for aught that appears to the contrary was in good faith and for the purpose of bettering the condition of himself and family, including appellant. We need not cite authorities for the proposition that to the husband is generally committed the responsibility of providing for the family, and his powers in conducting family interests, when not limited by law, are commensurate with his responsibilities. It is not now necessary to decide that the husband, in the prosecution and performance of his duty as the head of the family, may abandon the home, even without the wife's consent and over her protest, when reasonably necessary and done in good faith, and that, having so abandoned it, may lawfully convey it, whether it be the community property of himself and wife, or the separate property of his own. We think, however, that it can be said with assurance that, where the husband has abandoned the homestead under the circumstances stated, he can convey it, where, as here, the wife, from whatever cause, has ceased to be an actual occupant and is wholly incapacitated to give consent to the alienation. See Jordan v. Godman, 19 Tex. 273; Slavin v. Wheeler, 61 Tex. 655; Speer on Law of Married Women, § 270; Thompson on Homestead & Exemptions, § 276, and authorities cited.

[3] And the fact that at the time of a conveyance under such circumstances another homestead may not have been acquired will not affect his power. The question of whether a new homestead has been acquired is relevant and material only when the issue is one of abandonment vel non. A failure to so do is a circumstance that may have much weight in support of a claim that there was no abandonment; but, the abandonment being conceded or established, the power of the husband exists, regardless of whether at the time of the conveyance an intent on the part of the husband to acquire another homestead exists, of whether another homestead in fact be ever acquired. Ayers v. Shackey, 2 Posey's Unrep. Cas. 274; Shepherd v. Cassidy, 20 Tex. 24, 70 Am. Dec. 372.

We conclude that the judgment must be affirmed.