# JANUARY, 1926

### D. G. GREEN ET AL. V. J. H. WINDHAM ET AL.

No. 3662. Decided January 6, 1926.

(278 S. W., 1101.)

**1.—Homestead—Conveyance—Joinder of Insane Wife.**

The consent of one incompetent and unable to give consent, such as that of an insane wife, was not in the contemplation of the makers of the Constitution and the Statutes in prescribing the conditions under which or the methods by which a homestead may be alienated. (P. 165.)

**2.—Same—Case Stated.**

The wife having been adjudged insane and the husband having legally qualified as administrator of her community estate. consisting of the homestead, and in the absence of community debts, his conveyance of the homestead, in his own right and as such administrator, passed title, though the wife did not join in the deed. (Pp. 164-167.)

**3.—Cases Discussed.**

Shields v. Aultman, 20 Texas Civ. App., 345, 50 S. W., 219; Gilley v.

Troop, 146 S. W., 945; approved and followed.   Priddy v. Tabor, 189 S. W., 111, Disapproved.   (Pp. 165-167.)

Error to the Court of Civil Appeals for the Ninth District in an appeal from Shelby County.

Green and others sued Windham and another, and appealed from a judgment for defendants, on affirmance of which (230 S. W., 726) they obtained writ of error.

*D. M. Short & Sons,* for plaintiffs in error.

A tract of 52 acres of land lying outside the limits of any city, town or village, which has been occupied by a family consisting of a husband, a wife, and several children, as a homestead for more than thirty years, the same being the community property of the husband and wife, and which is in possession of such family, the husband being the head of it and actually occupying it as a homestead, cannot be legally conveyed under a sale made of it by the husband alone, either in his own individual capacity, or as the duly qualified administrator of the community estate of himself and his insane wife, and a suit to set aside such conveyance under such circumstances must be sustained, when instituted by the husband and another as the next friend of the insane wife.   Constitution, Article 16, Section 50; Revised Civil Statutes, Arts. 1115, 4621, 6802, 6805, 3594; Pierce v. Gibson, 108 Texas, 62; Lawson v. Armstrong, 227 S. W., 687; Priddy v. Tabor, 189 S. W., 111; Heidenheimer v. Thomas, 63 Texas, 287; Cheek v. Bellows, 17 Texas, 617; Leatherwood v. Arnold, 66 Texas, 414; Nichols v. Oliver, 64 Texas, 647; McGowen v. Zimpleman, 53 Texas, 482; Scott v. Cunningham, 60 Texas, 568; Leaverton v. Leaverton, 40 Texas, 223; Sossaman v. Powell, 21 Texas, 664; Griffie vs. Maxey, 58 Texas, 213; Mabry v. Ward, 50 Texas, 404; Griffin v. Harris, 88 S. W., 493; Poole v. Gerard, 6 Calif., 71, 65 Am. Dec., 484; Thompson v. New England Mortg. Sec. Co., 110 Ala., 400, 55 Am. St. Rep. 29; Alexander v. Vennum, 61 Iowa, 160; Whitlock v. Gosson, 35 Neb., 829; Smith v. Pearce, 85 Ala., 264, 7 Am. St. Rep., 44; Hodges v. Winston, 95 Ala., 514, 36 Am. St. Rep., 241; McKenzie v. Shows, 70 Miss., 388, 35 Am. St. Rep., 654 and note; Pipkin v. Williams, 57 Ark., 242, 38 Am. St. Rep., 241 and note; Am. and Eng. Enc. of Law, p. 147.   See note.

*Sanders & Sanders,* for defendants in error.

Where the wife has been adjudged insane by a court of competent jurisdiction and the husband qualifies as administrator of the community homestead within four years, such husband

has the absolute power to convey with perfect title the community homestead of himself and his insane wife. Dawson v. Holt, 44 Texas, 174-180; Withrow v. Adams, 23 S. W., 437; Green v. Grissom, 53 Texas, 432; Cordier v. Cage, 44 Texas, 533; Long v. Walker, 47 Texas, 173; Green v. White, 45 S. W., 389; Morse v. Nibbs, 150 S. W., 766; Graham v. Miller, 62 S. W., 113; Williams v. Steele, 108 S. W., 155; Vernon's Sayles' Civil Statutes, Arts. 3595 to 3600, inclusive; Jordan v. Imthurn, 51 Texas, 276.

When the wife is adjudged insane, the husband in his individual capacity, has the power to convey the community homestead of himself and his insane wife and has the power to convey such community homestead even if there are no community debts. Shields v. Aultman, Miller & Co., 50 S. W., 219; Gilley v. Troop, 146 S. W., 954.

MR. JUSTICE PIERSON delivered the opinion of the court.

This suit was brought by plaintiffs in error to cancel a deed to J. H. and W. C. Windham, dated May 23, 1919, and executed by D. G. Green for himself and as administrator of the community estate of himself and his insane wife, Jennie Green, the property constituting the homestead of the said D. G. and Jennie Green.

The agreed statement of facts filed in the case by the parties discloses that the family consisted of D. G. Green and his wife, Jennie Green, and their children; that Mrs. Jennie Green was legally adjudged to be insane, and was confined in the Hospital for the Insane at Terrell, Texas; that D. G. Green, the surviving husband, was regularly appointed and duly qualified as administrator of the community estate of himself and his insane wife, under Article 3594 and succeeding articles Vernon's Complete Texas Statutes 1920; that the only real estate consisted of the tract in controversy, which was community property and the community homestead, and there were no debts.

It is admitted that the title to the land is in defendants in error under the above mentioned deed, unless that deed is invalid because of the fact that the land, which was community property, was the homestead of D. G. and Jennie Green, there being no debts, and the deed not having been signed and acknowledged by Mrs. Jennie Green as required by R. S., Articles 1115, 6802, and 6805.

Can the surviving husband or wife, the other spouse having been legally adjudged insane, by qualifying as administrator of the community estate under the provisions of law, sell and con-

vey the community homestead? We think the question must be answered in the affirmative.

Article 16, Section 50, of our Constitution limits the power of a husband to sell the homestead, whether it be his separate property or community, in the following language: " * * nor shall the owner, if a married man, sell the homestead without the consent of the wife, given in such manner as may be prescribed by law." The manner prescribed by law for obtaining her consent is that she shall join in the deed, make privy acknowledgement, etc. (Vernon's Complete Texas Statutes, Art. 1115.)

The husband, without the consent or joinder of the wife, may convey other community property, but the makers of our Constitution and the members of the Legislature deemed the wife to be equally, and no doubt more deeply, concerned about acquiring and retaining a home, and for the purpose of safeguarding the home and preserving the wife's rights in it, prescribed that the personal consent of the wife should be obtained and evidenced by her solemn privy acknowledgment.

But the Constitution nor the Statutes contemplated an impossibility; neither was it in contemplation that under impossible conditions the homestead, once acquired, should remain so forever or indefinitely, regardless of the desires or welfare of the parties.

Mrs. Jennie Green had become insane and was wholly unable to give consent or to in any manner exercise choice, judgment, or discretion.

It was not the consent of one wholly incompetent and wholly unable to give consent that was in the contemplation of the makers of the Constitution and the Statutes in prescribing the conditions under which or the methods by which a homestead may be alienated. The law does not prescribe the impossible.

Article 3594 and succeeding articles of the statutes provide a particular method for the alienation of community property, including the homestead, by either husband or wife, where the other spouse has become insane.

We would feel disposed to enter into a more extended discussion of the principles of law involved, but for the fact that this court has twice expressed its approval of the conclusion here reached, in the cases of Shields v. Aultman, 20 Texas Civ. App., 345, 50 S. W., 219, in 1899, and Gilley v. Troop, 146 S. W., 954, in 1912. In each of these cases, by the Courts of Civil Appeals, the sole issue was the power of the surviving sane spouse to

convey the homestead, i. e., the validity of the husband's deed, the wife being insane. The principles of law were the same as here. In each case this court refused a writ of error.

In the first case mentioned, in an opinion by that able jurist, Chief Justice N. W. Finley, the Honorable Court of Civil Appeals for the Fifth Supreme Judicial District said:

"The fact that the property designated as the homestead is the separate property of the husband does not lessen the wife's interest in it as a homestead, nor affect her power to prevent its alienation by withholding her consent. He can no more effectually convey such a homestead without her consent than he can a community homestead. It is the fact of homestead that is guarded and protected. Suppose, then, the property in question had been the separate property of the husband on his wife becoming hopelessly insane, did he not have the power to separately convey it? His wife had lost the power to consent. She no longer had any personal will to yield to that of her husband. * * * In the case of Clark v. Wicker (Texas Civ. App.) 30 S. W. 1114, we held that a married woman whose husband was insane could lawfully convey her separate estate. The idea upon which the holding was based was that the husband had become incapable of consenting and joining her in the conveyance. The matter of personal consent alone was needed, and, it being put beyond the possibility of procurement by the insanity of her husband, the resort to guardianship would not attain the end designed by the law; and, unless the wife was permitted to alienate the property through her own separate act, it would amount to a destruction of her property rights. In line with this idea is the proposition, frequently decided, that a married woman, when separated from her husband, may separately convey her separate estate (Wright v. Hays, Adm'r, 10 Texas, 130), and, when necessary for the support and maintenance of herself and children, may separately convey the community property. (Fullerton v. Doyle, 18 Texas, 13.) In the case under consideration the property was community property, and the homestead at the time of sale, and was never abandoned, according to the findings of the jury upon the special issues submitted. Had the wife been sane, her consent to its alienation, expressed in the way provided by law, must have been obtained, in order to give the sale validity. Her personal consent was rendered impossible by her insanity. To have resorted to the guardianship proceeding would not have obtained her consent, and, unless the husband had authority to separately convey, the property was hopelessly

tied up in his hands.  It is an old-fashioned maxim that the law never requires impossibilities."

This holding was ably supplemented by the Honorable Court of Civil Appeals for the Second District, in an opinion by Chief Justice Conner, in the case of Gilley v. Troop, supra, and in the instant case by the Honorable Court of Civil Appeals for the Ninth Supreme Judicial District, 230 S. W., 726.

In the case of Priddy v. Tabor, 189 S. W., 111, the Honorable Court of Civil Appeals held differently.  A writ of error was granted, but the case was dismissed from the docket of this court by agreement of the parties.  But for the conflict with that case, probably the writ of error herein would not have been granted.

The conclusion here reached is in accord with the decisions and policy of the law from the earliest days of this court.  In the case of Wright v. Hays, 10 Texas, 130, 6 Am. Dec. 200, Chief Justice Hemphill announced the law to be that a married woman has the right to convey her separate property and the community property without her husband's joinder where he had abandoned her or is *civiliter mortuus*.  The same principles and reasoning have full application here.  Fullerton v. Doyle, 18 Texas, 13; Hector v. Knox, 63 Texas, 613; Slator v. Neal, 64 Texas, 222.

The question of the existence or nonexistence of debts against the community estate is of no importance in the case.

The judgment of the Court of Civil Appeals and of the District Court is affirmed.

*Affirmed.*