## BRUNSON et al. v. YOUNT–LEE OIL CO. et al. *

### No. 2010.

Court of Civil Appeals of Texas. Beaumont.

Nov. 25, 1930.

Rehearing Denied Dec. 3, 1930.

H. A. Maynard, of Liberty, for appellants.

Beeman Strong, of Beaumont, and Vinson, Elkins, Sweeton & Weems and B. F. Louis, all of Houston, for appellees.

O'QUINN, J.

Appellants sued appellees, Yount-Lee Oil Company, Harvey S. Smith, Inc., a corporation, and Moore's Bluff Corporation, in trespass to try title to an undivided one-half interest in 34.4 acres of land, a part of the C. C. Brunson survey in Liberty county, Tex., known also as the F. M. Gardner survey No. 150, for the recovery of one-half of the oil produced thereon, and for damages alleged to be occasioned by reason of the assertion by appellees of title to said undivided one-half interest claimed by appellants, which assertion of title by appellees prevented appellants from leasing said land.

Appellee Yount-Lee Oil Company answered by general demurrer, general denial, plea of not guilty, and specially pleaded the two, three, four, five, ten, and twenty-five year statutes of limitation in bar of appellants' right to recover.

Appellee Harvey S. Smith, Inc. answered by general demurrer and general denial.

Appellee Moore's Bluff Corporation answered by general demurrer, general denial, plea of not guilty, and specially pleaded the three, five, and ten year statutes of limitation against appellants' right to recover. By cross-action this appellee sued appellants for the title and possession of 34.4 acres of land alleged to be a part of the F. M. Gardner survey in Liberty county, Tex. This cross-action was on motion of said appellee dismissed.

The general demurrers of the appellees were each sustained, and appellants refusing to amend their petition, judgment was rendered dismissing their suit, to which action of the court appellants excepted, gave notice of appeal, and the case is before us for review.

The record reflects that in 1897, C. C. Brunson purchased from the state of Texas 640 acres of land known as the F. M. Gardner survey No. 150. The land herein sued for is a portion of the C. C. Brunson 200-acre homestead out of said survey. C. C. Brunson, at the time he purchased said land, was a married man. He erected a home on said land and with his wife, Mae Brunson, occupied same until she died, on June 16, 1902. When Mrs. Mae Brunson died, she left surviving her her husband, and the heirs named in the peti-

*Writ of error granted.

tion. On the date of Mrs. Brunson's death, June 16, 1902, there was due the state of Texas the sum of $936 and interest as purchase money for the Gardner 640 acres of land, of which the land herein sued for is a part. May 11, 1903, C. C. Brunson, surviving husband, sold enough of the personal property belonging to the estate to pay off said indebtedness. After this there were no other community debts against the estate. September 15, 1903, C. C. Brunson, the surviving husband, made an application for and was duly appointed and qualified as community administrator of the estate of himself and his deceased wife. September 30, 1903, C. C. Brunson, individually and as community administrator, conveyed the north 338 acres of the Gardner 640 acres to Wm. J. Mettler, the land in controversy, 34.4 acres, being a portion thereof. On the date C. C. Brunson applied for appointment as community administrator, as well as on the date of his sale as such to Wm. J. Mettler, no debts or obligations of any kind existed against the community estate of himself and his deceased wife. All these facts are not only admitted but are affirmatively pleaded by appellants in their petition. Appellants thus specially pleaded their title to the land sued for, which appellees hold through Mettler, the purchaser from the community administrator, C. C. Brunson.

Appellants present two propositions, in each of which it is asserted that the court erred in sustaining the appellees' general demurrers to their petition, because (1) that when C. C. Brunson was appointed community administrator of the community estate of himself and his deceased wife, and on the date of the sale by him as such, the one-half interest in such estate owned by their deceased mother had descended to and become a vested right in them; and (2) the land sued for was a part of the community homestead of their deceased mother, Mae Brunson, and was not incumbered with debts of any character on the date of the sale by their father C. C. Brunson, community administrator of the community estate, and that the one-half interest of their deceased mother had descended to and become a vested property right in them, for which reason, it is insisted, the community administrator had no authority to sell or dispose of their inherited interest in the land in question.

The court properly sustained the general demurrers. Appellants specially pleaded their title, and it is clear from the allegations of their petition that the only title which they assert to the land in controversy is that inherited by them through their deceased mother as a portion of the community estate. The allegations of appellants further show that the surviving husband, their father, duly qualified as community administrator of the community estate, and that he then sold the land in question to Mettler, through whom appellees hold. No irregularities or failure of any kind to comply with the law in the appointment or qualifying of the community administrator is asserted, but the contrary is admitted and pleaded by appellants. Their only insistence is that, because the property sold was a part of the community homestead, and that there were no debts owing by the community estate at the time the community administrator was appointed and at the time he, as such administrator, sold the land in question to Mettler, he was not authorized to sell said property, their rights having descended to and vested in them prior thereto. This contention is not sound. The law, articles 3663 to 3667, provides for the appointment of community administrators, and regulates the proceedings. Article 3668 provides: "When such inventory, appraisement, list of claims and bond are returned to the county judge, he shall, either in term time or vacation, examine the same and approve or disapprove them by an order to that effect entered upon the minutes of the court, and, when approved, they shall be recorded upon the minutes of the court, and the order approving them shall also authorize such survivor to control, manage and dispose of such community property in accordance with the provisions of this chapter."

Article 3669 provides: "When the order mentioned in the preceding article has been entered, such survivor, without any further action in the county court, shall have the right to control, manage and dispose of such community property as may seem for the best interest of the estate," etc.

■ Under this article and article 3663, the husband of a deceased wife, being empowered on qualifying as community administrator to dispose of the community estate as he deems best for the interest of the estate, can convey the community property, though there be no community debts, and though the property conveyed be the community homestead. Green v. Windham (Tex. Civ. App.) 230 S.W. 726; Tholl v. Speer (Tex. Civ. App.) 230 S. W. 453. This holding in the cited case was affirmed by the Supreme Court, Green v. Windham, 115 Tex. 162, 278 S. W. 1101. If the question here involved was novel or had not been repeatedly passed upon and, therefore, well settled, we would feel the necessity and propriety of an extended discussion of same, but, as it has repeatedly been before the courts and as repeatedly decided, as we have above stated, we will merely refer to the decisions supra and the authorities therein discussed and cited.

■■ Appellants having specially pleaded their title are confined to proof of that title, and, it appearing from their petition that the title pleaded was not good, the general demurrers should have been and were properly sustained. National Lumber & Creosoting Co. v. Maris (Tex. Civ. App.) 151 S. W. 325 (writ refused); Tate v. Tate (Tex. Civ. App.) 299 S. W. 310.

The judgment is affirmed.