### John WALLACE v. STATE.
### No. 16060.

Court of Criminal Appeals of Texas.
May 31, 1933.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for burglary; punishment, eight years in the penitentiary.

We find in the record an affidavit showing the escape of the appellant, and that he has not voluntarily surrendered or been recaptured. Being without jurisdiction to further entertain the appeal, same is dismissed.

### Foree DUNBAR et al., Appellants, v. Will STARR et al., Appellees.
### No. 4344.

Court of Civil Appeals of Texas. Texarkana.
April 27, 1933.

C. E. Florence and E. M. Fulton, both of Gilmer, and Wynne & Wynne, of Longview, for appellants.

W. R. Stephens, of Gilmer, and J. H. Beavers, of Longview, for appellees.

LEVY, Justice.

The appellants brought the suit in trespass to try title to the lands described in the petition. The appellee Will Starr, who was a defendant, made application for severance as to all defendants and M. C. Bell, and trial separately as to the 94.84 acres of land in suit. The court granted a severance, and the case was tried as between the plaintiffs and Will Starr only as respects the tract of land mentioned.

After hearing the evidence, the court peremptorily instructed the jury to return a verdict in favor of the defendant, and judgment was accordingly entered that the plaintiffs take nothing and the defendant Will Starr recover the title and possession of the 94.84 acres of land and his title be quieted.

The chief controversy seems to have been as to whether the husband qualifying as community administrator may convey community property, though there be no community debts. This question has been settled in the case of Brunson v. Yount-Lee Oil Co. (Tex. Civ. App.) 32 S.W.(2d) 893, and recently affirmed on writ of error to the Supreme Court. 56 S.W.(2d) 1073. The appellant, although not filing briefs, would be considered as admitting that the ruling above mentioned is decisive of the appeal. The appellee is entitled to have the judgment affirmed under rule 39 for Courts of Civil Appeals.

The judgment is affirmed.