## GRIFFIN v. TROUP INDEPENDENT SCHOOL DIST.

### No. 5932.

Court of Civil Appeals of Texas. Texarkana.
May 13, 1942.

Rehearing Denied May 21, 1942.

W. J. Garrett, of Jacksonville, for appellant.

Norman, Stone & Norman, of Jacksonville, and Dean W. Turner, of Troup, for appellee.

HALL, Justice.

■■ This is a suit brought by appellee against appellant in trespass to try title to one-half acre of land. Appellee claimed title both by deed and under the 5 and 10 year limitation statutes. R.S. Articles 5509, 5510. Appellant answered by general demurrer, general denial, plea of not guilty, and averred that the purported guardian's deed attempting to convey said land to appellee is void. The issues as thus joined were submitted to the trial court without a jury, and resulted in judgment for appellee for title and possession of said land.

Appellant's first proposition is: "That the Guardianship Deed made by B. V. Griffin as Guardian of Addie Griffin is a void deed and should be cancelled because B. V. Griffin was not the Guardian of Addie Griffin at the time said deed was made.

And that the Guardianship Proceedings that sought to appoint B. V. Griffin Guardian of Addie Griffin was a void proceeding and not according to the Provisions and Articles of the Statute of the State of Texas providing for the appointment and qualification of Guardians."

The record reveals that on March 27, 1929, appellant acting as guardian of his wife, Addie Griffin, a person of unsound mind, executed a deed attempting to convey one acre of land to the Blackjack Independent School District (now by consolidation a part of appellee district). No controversy arises here concerning the conveyance of the one-half acre belonging to appellant individually, but only as to the one-half acre belonging to his insane wife. It is an admitted fact that Mrs. Addie Griffin is now insane and was so afflicted on the date of the deed referred to. The trial court found that the land here in controversy was community property of appellant and his insane wife and that it formed no part of their homestead. These findings are not attacked. Under such state of facts the husband would have the undoubted right to convey the land here in controversy without the joinder of his wife whether she were sane or insane. R.S., Article 4619, Sec. 1, Vernon's Ann. Civ.St. Art. 4619, § 1; Reynolds Mortgage Co. v. Gambill, 115 Tex. 273, 280 S.W. 531; Green v. Windham, 115 Tex. 162, 278 S.W. 1101; Shields v. Aultman, Miller & Co., 20 Tex.Civ.App. 345, 50 S.W. 219, writ refused; Gilley v. Troop, Tex.Civ. App., 146 S.W. 954, writ refused; Ross v. Tide Water Oil Co., 136 Tex. 66, 145 S.W. 2d 1089. Appellant having the full and complete authority to sell the community property of himself and his insane wife without qualifying as guardian of her estate the fact that he did attempt to so qualify and act in the sale of the property here in controversy does not affect the legality of said sale. In Griffin v. Stanolind Oil & Gas Co., Tex.Civ.App., 102 S.W.2d 231, 233, affirmed 133 Tex. 45, 125 S.W.2d 545, we held: "Appellant makes the contention that the fact that two of the heirs of Julia Mackelroy, and Cohesia, the second wife of A. A. Lockhart, joined him in the execution of the oil and gas lease is sufficient as a matter of law to show that A. A. Lockhart did not convey as community survivor. We overrule this contention. The provisions of the oil and gas lease above set out show an undertaking on the part of

grantors to convey the entire leasehold estate, and it must be held that such conveyance passes such title as the grantors were authorized to convey. And, since A. A. Lockhart was authorized to convey the entire title, it follows that such title passed by the execution of the lease by him. Carter v. Conner, 60 Tex. 52; Jones v. Harris, Tex.Civ.App., 139 S.W. 69." See, also, Davis v. Magnolia Petroleum Co., Tex.Civ. App., 105 S.W.2d 695, affirmed 134 Tex. 201, 134 S.W.2d 1042. The conclusion reached above is decisive of this appeal. It will not be necessary to notice any other propositions advanced.

The judgment of the trial court is affirmed.