### DUARTE et al. v. GUTIERREZ et al.

### No. 11361.

Court of Civil Appeals of Texas. San Antonio.

Nov. 12, 1943.

J. T. Canales and O. B. Garcia, both of Brownsville, for appellants.

H. L. Faulk, of Brownsville, for appellees.

NORVELL, Justice.

Appellants, E. Duarte and Felix Conde, have appealed from a judgment cancelling a deed executed by Fausto Gutierrez and his wife, Maria Lopez de Gutierrez.

The full amount of the consideration paid for the execution of the deed in question was tendered into court and by the judgment awarded to appellees. It is undisputed that the property described in the deed here involved was at the time of the execution of said deed in the actual possession of Fausto Gutierrez and Maria Lopez de Gutierrez and being used by them as and for their homestead.

By its answer to Special Issue No. 1, the jury found Maria Lopez de Gutierrez "at the time (she) executed the deed in question * * * did not have the mental capacity to understand the nature and effect of her act."

By their first point appellants assert that the court should have instructed a verdict for appellants as the uncontroverted testimony shows that Maria Lopez de Gutierrez was possessed of the necessary mental capacity to execute the deed involved. We have reviewed the evidence upon the point and are constrained to hold that it does not appear as a matter of law that Maria Lopez de Gutierrez did have the mental capacity to understand the nature and effect of her act at the time of the execution of the deed. We overrule appellants' first point. White v. White, Tex.Sup., 172 S.W.2d 295.

By their second and third points, appellants assert that the jury's answer to Special Issue No. 1 was tantamount to a finding that she was insane and that therefore the husband, Fausto Gutierrez, was authorized and empowered to convey good title to the homestead without his wife's joinder. Appellants cite Green v. Windham, 115 Tex. 162, 278 S.W. 1101, and cases of similar import. The jury's finding here goes no further than finding that at a particular time Mrs. Gutierrez was mentally incapable of executing a deed. It seems clear that under the authorities the "insanity" of a wife which would authorize the husband to convey the homestead without the wife's joinder is a condition of mind which is apparently permanent, or at least of probable lengthy duration. It certainly cannot be said that a mere temporary incapacity on the part of the wife would authorize the husband to defeat her homestead rights by executing a conveyance of the property. The issue here does no more than establish a temporary incapacity. Nor can we say that insanity of a more or less permanent nature on the part of Mrs. Gutierrez is established as a matter of law. We overrule appellants' second and third points.

In answer to Special Issue No. 2 the jury found that "E. Duarte, as between himself and Felix Conde (appellants here) was an outright purchaser of an interest in the property involved" and not "named in said deed as a grantee merely to secure himself for money advanced to Conde in making the purchase."

By their fourth point appellants contend that the uncontroverted evidence shows Duarte had simply loaned money to Conde to purchase the property from Mr. and Mrs. Gutierrez. We overrule this point. Duarte was named as a grantee in the deed, and there are circumstances surrounding the transaction from which the jury was authorized to infer that Duarte occupied the position in the transaction indicated by the presence of his name as a grantee in the deed. The issue was one for the jury.

By their fifth and last point appellants assert that this cause should be reversed because of argument of appellees' counsel. Considering the nature of the remarks made by counsel, and the court's instructions to the jury relative thereto, we are of the opinion that the point fails to disclose a

reversible error. Appellants' fifth point is overruled.

We have considered all of appellants' points. Two issues only were submitted to the jury. No complaint is made as to the judgment entered upon these issues, except upon the grounds indicated in this opinion. No · reversible error has been disclosed and the judgment of the trial court is accordingly affirmed.