## NEAL OIL CORP. et al. v. BRAD-SHAW et al.

### No. 12356.

Court of Civil Appeals of Texas. Galveston.

April 10, 1952.

---

Al L. Crystal, Houston, for appellant.

O. Strother Simpson, Houston, Eastham & Simpson, Houston, of counsel, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellees, C. Y. Bradshaw and others, for recovery on a promissory note for the sum of $13,346 executed and delivered by appellants to appellees as the purchase price for certain drilling equipment and for foreclosure of a chattel mortgage lien on said equipment securing the payment of said note. Appellants answered, alleging there was no consideration for the note and that execution thereof had been induced to purchase said equipment by fraudulent misrepresentations. They filed a cross-action in which they sought recovery of damages allegedly sustained by them by reason of the alleged fraudulent misrepresentations.

In answer to special issues submitted a jury found, on what we deem to be sufficient evidence, that C. Y. Bradshaw,

who represented appellees in the sale of such equipment, had not represented that the rig purchased by appellants was under contract to other parties and that appellants at that time knew that there was no contract that said rig was to be used by other parties for the drilling of oil wells. Judgment was rendered in favor of appellees for recovery of the full amount due on the note, for foreclosure of the chattel mortgage lien, and denying defendants recovery on their cross-action.

The promissory note sued on was executed and delivered by appellants to appellees as the agreed purchase price for certain drilling equipment. Appellants contended that they had been induced to execute and deliver said note by the fraudulent representations of appellee, C. Y. Bradshaw, made prior to the sale, that the rig sold to appellants was at the same time under contract to other parties for the drilling of five wells at $500 per day, within a minimun of 90 days, for which appellants would receive the rental for the equipment. It is undisputed, however, that prior to the execution of said note the parties who had been using said equipment had completed their drilling operations and would not require its use.

It is undisputed that in the course of the trial of the case appellees filed a motion for an instructed verdict but no order ruling on this motion is shown in the record and no instructed verdict was given. There is also no showing whatever in the record that appellants requested any issues that were not submitted to the jury and the record contains no objections or exceptions to the court's charge by appellants.

The material parts of Rule 279, Texas Rules of Civil Procedure, provide that: " * * * Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; * * *."

This rule has been literally construed by the courts of this state in the following cases: Texas & N. O. R. Co. v. Sturgeon, Tex.Civ.App., 177 S.W.2d 340, reversed on other grounds 142 Tex. 222, 177 S.W.2d 264.

In the case of Reed v. Beheler, Tex.Civ. App., 198 S.W.2d 625, it is held under a state of facts almost identical with those in the instant case that plaintiff's failure to request submission of issues relating to charges of fraud constituted a waiver thereof; and, in the case of Thomas v. Billingsley, Tex.Civ.App., 173 S.W.2d 199 (error refused), it was held that where the trial court failed to submit an issue of partial failure of consideration along with issues of total failure, it was incumbent upon defendant to object to the charge or tender to the court in due time a requested issue in such form as the court would properly submit as requested.

In the recent case of Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549, 550, the Supreme Court of this State, in passing on a similar state of facts, said: "It will be noted in conclusion that the only points urged by the Adcocks in the Court of Civil Appeals complain that the trial court erred in sustaining defendants' plea of res adjudicata. The record does not show that such a plea was sustained. Special defenses were interposed by defendants and the record shows merely that trial court overruled plaintiffs' motion for judgment and sustained that of defendants. In the light of the record which appears to be as complete as respondents desired to make it, there is no basis upon which to set aside the trial court's judgment."

A careful consideration of the record discloses that it contains no order sustaining appellees' motion for an instructed verdict and that the charge of the court and the verdict of the jury clearly show that no peremptory instruction was given and that no objection to the issues submitted by the court was made.

Under the above authorities appellants' one point of error must be overruled and the judgment of the trial court must be in all things affirmed.