**HOME IMPROVEMENT LOAN COMPANY,**
**Appellant,**

v.

**Orney LOWE, Jr., et ux., Appellees.**

**No. 16019.**

Court of Civil Appeals of Texas.

Fort Worth.

May 22, 1959.

Roy C. Coffee and Peter S. Chantilis, Dallas, Vinson, Elkins, Weems & Searls and C. E. Bryson, Houston, for appellant.

No brief filed in this Court for appellees.

PER CURIAM.

This is an appeal from a summary judgment entered in favor of plaintiff Orney Lowe, Jr., and his wife against the defendant Home Improvement Loan Company, a purported innocent holder of a note secured by a mechanic's lien on the homestead of the plaintiffs.

By their suit the plaintiffs sought to nullify the effect of the mechanic's lien through proof that neither of them ever appeared before a notary public to acknowledge the mechanic's lien contract, and that no proper acknowledgment was or could have been taken.

The instruments which were under attack were in the usual and customary form, and on their faces demonstrated that Marvin A. Smith Company had contracted with the plaintiffs to make repairs and/or improvements upon their home, and the plaintiffs, in consideration thereof, had executed

a note to cover the agreed price thereof, secured by statutory mechanic's lien. Proofs by way of affidavits attached to plaintiffs' motion for summary judgment disclosed that the agent for the aforesaid contractor, after having secured the plaintiffs' signatures to the contracts and instruments incident to the transaction, left them with a notary public, with instructions that he call upon plaintiffs and take their acknowledgment, and thereafter deliver the papers to the agent. The papers were apparently handled in accord with the agent's instructions and then delivered in accordance therewith. When received by the contractor the mechanic's lien contract bore the notary's certificate of acknowledgment.

After the contractor performed the work it secured a certificate from plaintiff and his wife to the effect that the work had been satisfactorily completed, and then transferred the notes and lien to the defendant. Defendant proceeded to collect the payments called for by the note, and plaintiffs made payments for many months before filing suit to nullify and set aside the lien.

Attached to the plaintiffs' motion for summary judgment, and in support thereof, was the joint affidavit of the plaintiffs which included language as follows: "At the time we signed these papers James E. Hollis was not present and that he is the Notary who has attached his certificate to the contract stating that he has taken our acknowledgment when in truth and fact we did not at any time sign any papers in the presence of James E. Hollis nor did we at any time authorize him to take our acknowledgment and he placed his certificate on the contract without our knowledge and consent * * *. We have never appeared before James E. Hollis subsequent to signing the contract and have never ratified the same nor his certificate and we insist that we did not at any time intend to give to Marvin A. Smith Company a lien on our home."

Counter affidavits filed by the defendant included that of the agent for the contractor, in which he stated that he explained to the plaintiffs the fact that a lien would be taken on their property to secure the note given for the agreed price of improvements thereon, that he explained that a notary public would take their acknowledgments, and that he would leave the papers with a notary to call upon them for the purpose of taking such acknowledgments. Further, that he did leave the papers with James E. Hollis, a notary, with instructions to take plaintiffs' acknowledgments, and that he later received the papers from Hollis in form representing that proper acknowledgments had been taken.

The counter affidavits did not include an affidavit from Mr. Hollis. Neither did plaintiffs' affidavits contain any testimony from him. Among the instruments filed by the defendant, however, were the papers executed by plaintiffs pursuant to the contract, including the notary's certificate of plaintiffs' acknowledgment to the mechanic's lien contract. Vernon's Ann.Tex.St., Title 55 "Evidence", Art. 3723 "Notarial acts and copies thereof", provides that all declarations and protests made and acknowledgments taken by notaries public, and certified copies of their records and official papers, shall be received as evidence of the facts therein stated in any court of this State.

■ We are of the opinion that the trial court erred in entering summary judgment in behalf of the plaintiffs for two primary reasons, aside from any consideration of complication as result of the subsequent transaction whereby the defendant had the note and lien transferred to it, and aside from any consideration of the question of waiver. Firstly, the presence of the notarial certificate of acknowledgment among the counter affidavits and papers filed operated to controvert the assertion of plaintiffs that their acknowledgments had not been properly taken,—and secondly, the motion involves the credibility of the plaintiffs on the weight to be given their testimony.

That a judgment in behalf of the defendant would have been supported in a trial on the merits with the evidence in a state analogous to that existent here on summary judgment is evident from the case of Reed v. Beheler, Tex.Civ.App. Fort Worth 1946, 198 S.W.2d 625. See also 1 Tex.Jur., p. 584 "Acknowledgments", I "Certificate as Evidence", sec. 184 "Generally". That summary judgment is improper where the credibility of the affiants is a matter of question, and that in such a case it cannot be said that no genuine issue of fact exists, is apparent from the cases of Gulbenkian v. Penn, 1952, 151 Tex. 412, 252 S.W.2d 929, and City of Corpus Christi v. McCarver, Tex.Civ.App. San Antonio 1952, 253 S.W.2d 456.

The judgment is reversed and the cause remanded to the trial court to pend as for a trial on the merits.